White, J.
The question raised by the first motion is, whether section 48 of the criminal code, which provides for the holding of an examining court at the instance of a person committed to jail charged with the commission of any crime or offense, applies to persons committed on indictment.
The section is as follows: “ When any person shall have been committed to jail charged with the commission of any crime or offense, and wishes to be discharged from such imprisonment, the sheriff or jailor shall forthwith give to the probate judge, clerk, and prosecuting attorney of the proper county at least three days’ notice of. the time of holding an examining court, whose duty it shall be to attend, according to such notice, at the court-house; and said judge having examined the witnesses (the person charged included, if such person shall request an examination), shall discharge the accused, if he finds there is no probable cause for holding him to answer ; otherwise he shall admit him to bail or remand to jail. . . .”
By section 53, the judge of the court of' criminal jurisdiction of each county is invested with concurrent jurisdiction with the probate judge in all matters referred to in the above and certain other sections.
Notwithstanding the comprehensive language used in the section quoted, it must be construed and limited with reference to the subject-matter and the other sections of the act. Thus construed, it seems clear to us the section was not intended to apply to persons committed upon indictment.
Articles 1 and 2 of the same title of the code treat of the subject'of arrest, and of the examination by the committing magistrate. Article 3, in which the section in *200 question is found, treats in the preceding sections of the duty of the committing magistrate in case bail is required, and is either given or refused. And section 48 is intended to apply only to persons committed on criminal charges, as provided in the preceding sections of the act.
The power of the judge holding an examining court, to discharge, extends to all cases he is authorized to examine ; and it is wholly inadmissible to suppose that it was intended to authorize him to discharge persons arraigned on indictments in the Court of Common Pleas, and who are held in custody for trial in that court.
The refusal of the court to hear testimony on the motion to admit to bail, furnishes no ground for the interference of this court by mandamus.
We are not called upon by the facts of this case to enter into an examination of the circumstances under which it would be competent or proper, if at all, for the court, in which an indictment is pending for a capital offense, to hear testimony, otherwise than on the trial, for the purpose of showing that the offense was in fact bailable.
According to the English practice, such evidence is not allowable. 1 Chitty C. L. 130; Regina v. Chapman, 8 Car. & Payne, 259; Regina v. Guttridge et al., 9 Ib. 228.
The same practice prevails in the courts of the United States. The United States v. Ruse, 3 Wash. O. C. 224; 1 Burr’s Tr. by Rob. 18, 19, 20, 106, 306, 308.
The practice in the state courts is not uniform. See note in 3 Hill, where many of the authorities are collected; also, Hurd on Habeas Corpus, 438; The People v. Van Horn, 8 Barb. 158.
In Indiana, the right is regulated by statute. Lumm v. The State, 3 Porter, 293.
In this state, we have no statute on the subject.
The constitution declares that, “All persons shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great.”
The indictment raises the presumption required by the constitution to justify the refusal of bail. In The State v. *201 Summons, 19 Ohio, 139, it was held that evidence given on .the trial of the indictment, might be properly considered for the purpose of rebutting the presumption. Such evidence could only be obtained where the jury had failed to agree or a new trial had been granted. But whether the court ought otherwise to go into general evidence for the purpose of rebutting the presumption and of admitting to bail, and if so, under what circumstances, the court was not called on in that case to decide.
In the case of the Commonwealth v. Keeper of Prison, 2 Ashmead, 227, cited in Summons’ case, there had been no indictment found.
The case before us was not one to justify the exercise of .■any such authority. Certainly the motion ought uot to be entertained .before plea. When renewed after plea, the ease had been set for trial at that term, and for aught that .appeared would be tried at the time designated. There were no special circumstances relied on as grounds upon which the court was asked to entertain the motion. It .seems to have been regarded as the right of the party to have the testimony heard. W e think otherwise, and that the court properly refused the application.

Motion overruled.

Day, C. J., McIlvaine, Welch, and Stone, JJ., concurring.